# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# YOUNGSTOWN DIVISION

| | | |
|---|---|---|
| NICOLE MAHRAMUS | : | |
| 6110 Market Street #33 | | |
| Youngstown, Ohio 44512 | : | |
| Plaintiff, | : | CASE NO. 4:23-cv-1630 |
| v. | : | JUDGE |
| FRESHMARK, INC. | : | |
| c/o Alicia Pucky | | |
| 1888 Southway Street SE, P.O. Box 571 | : | |
| Massillon, Ohio 44646 | | |
| | : | |
| Defendant. | | |

## PLAINTIFF NICOLE MAHRAMUS' COMPLAINT
### (w/ Jury Demand)

NOW COMES Plaintiff Nicole Mahramus and hereby proffers this Complaint for damages and equitable relief against Defendant Freshmark, Inc.

## PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant is an Ohio corporation with facilities in Columbiana County, Ohio.

## JURISDICTION AND VENUE

3. Counts I, III, and IV are brought pursuant to the laws of the United States, with this Court having jurisdiction pursuant to 29 U.S.C. § 1331.  Counts II and V are brought under the laws of the State of Ohio but under the same operative facts, with this Court having jurisdiction under 29 U.S.C. § 1367.

4. Venue is proper due to the fact that the Defendant's workplace in Stark County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff worked for Defendant as a Laborer from April 1, 2019, until she was discharged on or about December 22, 2021.

6. Plaintiff was being harassed in the workplace because of her gender during the year 2022 and lodged a complaint with Defendant's Human Resources department about that harassment on October 25, 2021.  Nothing was done to remedy the situation.

7. Plaintiff had preexisting issues chronic anxiety and depression prior to the harassment she suffered in the year 2021.

8. Exacerbation of Plaintiff's preexisting chronic anxiety and depression caused by the workplace harassment caused her to seek medical intervention on November 5, 2021, and her treating physician wrote a letter putting her off work until she could be seen by a specialist on November 11, 2021.

9. Plaintiff faxed a copy of the treating caregiver's November 5, 2021, letter to Defendant that same day.

10. A psychiatric caregiver saw Plaintiff on November 11, 2021, and wrote a letter to Defendant stating that Plaintiff could not perform the essential functions of her job position for an indefinite period.

11. Plaintiff faxed a copy of the treating caregiver's November 11, 2021, letter to Defendant that same day.

12. Defendant did not request any medical information be provided to them until they sent a letter to Plaintiff dated December 13, 2021, stating they required medical documentation on

or before December 22, 2021.  Defendant also claimed in the same letter that they had received no prior documentation.

13. Plaintiff was unable to provide more medical documentation to Defendant on or before December 22, 2021, and was discharged as of that date.

14. On or about February 1, 2022, Plaintiff filed a Charge of Discrimination against Defendant with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission alleging gender and disability discrimination, as well as retaliation for making a complaint of gender discrimination.

15. On or about June 26, 2023, Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunities Commission regarding the Charge described in ¶ 14 above.

16. At all times during the year 2021, Defendant has had at least fifty (50) employees within a 75-mile radius of the facility where Plaintiff worked.

17. As of November 5, 2021, and November 11, 2021, Plaintiff had worked at least 1,250 hours in the prior twelve (12) months.

<u>**COUNT I**</u>
**VIOLATION OF FAMILY MEDICAL LEAVE ACT**
**29 U.S.C. § 2601 et seq.**

18. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-17 above as if fully rewritten here.

19. Plaintiff's absences that began on November 5, 2021, and/or November 11, 2021, were due to a "serious health condition" and/or a "chronic serious health condition" as those are each defined under the Family Medical Leave Act ("FMLA").

20. Defendant violated the FMLA by using Plaintiff's FMLA-protected leave time as a negative factor leading to Plaintiff's discharge.

21. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

22. Defendant's violation of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. §2617(a), to back pay and benefits, liquidated damages equal to back and benefits, the equitable remedy of reinstatement and/or front pay and attorney fees and costs of bringing this litigation in an amount to be determined at trial, but in any event not less than $250,000.00.

## COUNT II
### DISABILITY DISCRIMINATION
### O.R.C. § 4112.01 et seq.

23. Plaintiff reincorporates the allegations contained in ¶¶ 1-22 as if fully rewritten here.

24. Plaintiff was at all times a qualified individual as that is defined by Ohio law.

25. Plaintiff was an "employee" as that is defined by O.R.C. § 4112.02.

26. Defendant was an "employer" as that is defined by O.R.C. § 4112.02.

27. Plaintiff has been discriminated against for having a disability as that is defined by O.R.C. § 4112.02.

28. Defendant discriminated against Plaintiff because of her disability by targeting her disability and refusing to reasonably accommodate her need for absence for treatment.

29. Defendant's disability discrimination entitles Plaintiff monetary damages including back pay and benefits, compensatory and/or punitive damages, the equitable remedy of reinstatement and/or front pay and attorney fees and costs of bringing this litigation in an amount to be determined at trial, but in any event not less than $250,000.00.

4

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §12101 et seq.

30. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-29 above as if fully rewritten here.

31. Plaintiff is an "employee" as defined by 42 U.S.C. §12111(4).

32. Defendant is an "employer" as defined by 42 U.S.C. §12111(5).

33. Plaintiff has a disability as defined by 42 U.S.C. §12102(2), that disability being depression and anxiety severe enough to limit his work options.

34. Plaintiff is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

35. Defendant discriminated against Plaintiff because of her disability by targeting her disability and refusing to reasonably accommodate her need for absence for treatment.

36. Defendant's violations of the Americans with Disabilities Act entitle Plaintiff to the equitable relief of reinstatement with the requested accommodation, and monetary damages which include back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs in an amount to be determined at trial, but in any event not less than $250,000.

## COUNT IV
## RETALIATION FOR MAKING COMPLAINTS OF GENDER DISCRIMINATION
## 42 U.S.C. §2000e-2

37. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-36 above as if fully rewritten here.

38. In its actions described in ¶¶ 6 and 13 above, Defendant discriminated against Plaintiff on the basis of her making complaints about gender discrimination in violation of 42 U.S.C. §2000e-2(a)(1).

5

39. In its action or discharging Plaintiff, Defendant discriminated against Plaintiff because she had complained about gender discrimination by discharging her on December 22, 2021, in violation of 42 U.S.C. §2000e-2(a)(1).

40. Defendant's violations of 42 U.S.C. §2000e-2(a)(1) entitle Plaintiff, pursuant to 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a, to monetary damages that include back pay and benefits, compensatory damages, punitive damages and attorney's fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $250,000.00.

## COUNT V
## RETALIATION FOR MAKING COMPLAINTS REGARDING GENDER DISCRIMINATION
## O.R.C. § 4112.01 et seq.

41. Plaintiff reincorporates the allegations contained in ¶¶ 1-40 as if fully rewritten here.

42. Plaintiff was discharged because she made good faith complaints about being discriminated against because of her gender.

43. Defendants' retaliatory actions regarding Plaintiff's good faith complaints of gender discrimination were willful and taken in reckless disregard for Plaintiff's legal rights.

44. Defendant's unlawful retaliation regarding Plaintiff's good faith complaints of gender discrimination entitles Plaintiff to monetary damages including lost pay and benefits, compensatory damages for pain and suffering, punitive damages, attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $250,000.00, as well as the equitable remedy of reinstatement to employment, and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, liquidated damages equal to back and benefits, the equitable remedy of reinstatement and/or front pay and attorney fees and costs of bringing this litigation in an amount to be determined at trial, but in any event not less than $250,000.00;

for Count II, monetary damages including back pay and benefits, compensatory and/or punitive damages, the equitable remedy of reinstatement and/or front pay and attorney fees and costs of bringing this litigation in an amount to be determined at trial, but in any event not less than $250,000.00;

for Count III, equitable relief of reinstatement with the requested accommodation, and monetary damages which include back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs in an amount to be determined at trial, but in any event not less than $250,000.00;

for Count IV, monetary damages including back pay and benefits, compensatory and/or punitive damages, the equitable remedy of reinstatement and/or front pay and attorney fees and costs of bringing this litigation in an amount to be determined at trial, but in any event not less than $250,000.00; and,

for Count V, equitable relief of reinstatement with the requested accommodation, and monetary damages which include back pay and benefits, compensatory damages, punitive damages, attorneys fees and costs in an amount to be determined at trial, but in any event not less than $250,000.00.

## **JURY DEMAND**

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881